```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------ x
                                                       :
UNITED STATES OF AMERICA,                              :
                                                       :
                            Plaintiff,                 :    **MEMORANDUM & ORDER**
                                                       :
              -against-                                :    07-CR-425 (DLI)
                                                       :
O'NEAL ROBERTS                                         :
                                                       :
                            Defendant.                 :
------------------------------------------------------ X
```

**DORA L. IRIZARRY, United States District Judge:**

On May 1, 2009, the government moved *in limine*, pursuant to Federal Rule of Evidence 801(d)(2)(A), to admit inculpatory statements made by the defendant during proffer sessions with the government on October 16, October 30, and November 2, 2006, should defendant present any factual assertion contrary to those statements. If the government presents testimony of defendant's prior admissions, the government further seeks to preclude defendant from cross-examining government witnesses as to defendant's exculpatory denials or recantations of such admissions.

## I. BACKGROUND

Defendant, an American Airlines employee at John F. Kennedy airport ("JFK"), was arrested on October 11, 2006, as a result of a seizure of cocaine and a wiretap investigation by Immigration and Customs Enforcement ("ICE") agents. Defendant was charged with possession of five kilograms of cocaine or more with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). On June 5, 2009, defendant was arraigned on a superseding indictment charging defendant with additional counts of narcotics importation, narcotics distribution and conspiracy

to do the same, in violation of 21 U.S.C. §§ 952(a); 841(a)(1), *inter alia*, as well as conspiracy to launder money and money laundering, in violation of 21 U.S.C. §§ 1956(a)(2)(B)(i).[1]

During three proffer sessions—held on October 16, October 31, and November 2, 2006—the defendant admitted, among other things, his involvement in the importation of narcotics together with other employees at American Airlines.[2] These sessions were conducted pursuant to a standard agreement with the government providing that the U.S. Attorney's Office was authorized to "use any statements made by [the defendant] (B) as substantive evidence to cross-examine [the defendant], should [the defendant] testify, and (C) as substantive evidence to rebut, directly or indirectly, any evidence offered or elicited, or factual assertions made, by or on behalf of [the defendant] at any stage of a criminal prosecution" (the "waiver clause").

Defendant challenges the accuracy of the government's notes from one of the sessions, and opposes the government's characterization of the statements he seeks to introduce as "false exculpatory statements." Specifically, he submits that cross-examination should be permitted with respect to a meeting on July 30, 2008, during which he purportedly informed the government of the alleged inaccuracies in their notes, and denied ever making certain incriminatory statements at issue. He further asserts that he should be able to cross-examine the government witnesses regarding prior statements by defendant made on October 11 and December 15, 2006, which also contradict the government's notes.

## II. DISCUSSION

### A. Motion to Introduce Defendant's Admissions if Defendant Presents Any Factual Assertion Contrary to those Admissions

---

[1] On June 11, 2009, the government filed a new superseding indictment, which is identical to the May 29 indictment, except that in count five, it alleges that defendant conspired to launder money through "Jamaica and Barbados" as opposed to just Barbados.

[2] On March 13, 2009, the Court denied defendant's motion to suppress inculpatory statements allegedly made at these meetings.

Federal Rule of Evidence 801(d)(2) allows for the introduction of statements or admissions by a defendant during trial. *See* Fed. R. Evid. 801(d)(2) ("A statement is not hearsay if . . . [t]he statement is offered against a party and is (A) the party's own statement[.]"). Statements made pursuant to an agreement with the government are similarly admissible if the defendant makes a contradictory "factual assertion" at trial—whether by presenting evidence, through questioning or during argument—and the statement sought to be introduced "fairly rebut[s]" that assertion. *United States v. Barrow*, 400 F.3d 109, 118 (2d Cir. 2005) (allowing admission of defendant's statements where defendant had an agreement with the government that was virtually identical to the one at issue here). Defendant does not object to this aspect of the government's motion *in limine*. The government's motion to admit the allegedly incriminatory statements made by defendant at the proffer sessions held on October 16, October 30, and November 2, 2006, should defendant presents any factual assertion contrary to those statements, is granted.

### B. Motion *in Limine* to Preclude Cross-examination Regarding Defendant's Exculpatory Denials or Recantations from Government Witnesses Testifying about Defendant's Prior Admissions

The government seeks to preclude cross-examination of its witnesses with respect to defendant's exculpatory statements during proffer sessions held on October 16, October 30, and November 2, 2006, should the government introduce testimony regarding statements made during said proffer sessions. Defendant counters that, to the extent that the government's motion bars him from cross-examining witnesses about exculpatory statements made on July 30, 2008 (as well as prior meetings occurring on October 11 and December 15, 2005), such limitation would violate the rule of completeness set forth in Federal Rule of Evidence 106.

3

Rule 106 provides that, "when a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any part of any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Fed. R. Evid. 106. Under Rule 106, "even though a statement may be hearsay, an omitted portion of [the] statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." *U.S. v. Johnson*, 507 F.3d 793, 796 (2d Cir. 2007) (internal quotation marks omitted).

The completeness doctrine under Rule 106, however, does not require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages. *See Johnson*, 507 F.3d at 796 (finding that a district court did not err by admitting a redacted confession, because the redacted statements were neither explanatory nor relevant to the admitted passages, where the admitted portion related to plans to execute the robbery, while the redacted portion related to the execution of the robbery). Nor does Rule 106 require courts to admit otherwise inadmissible, self-serving and exculpatory hearsay statements. *See U.S. v. Jackson*, 180 F.3d 55, 73 (2d Cir. 1999) (rejecting claim under the completeness doctrine that a statement made by defendant could be admitted because the statement followed an inculpatory admission and noting that "the portions of the tape proffered [by defendant] consisted largely of [his] own self-serving statements, which, as offered by him, are inadmissible hearsay"); *United States v. Harper*, No. 05-cr-6068L, 2009 WL 140125 (W.D.N.Y. Jan. 20, 2009) ("Self-serving, exculpatory statements . . . are hearsay, and are therefore generally not admissible, unless their exclusion would unfairly distort the meaning of the declarant's non-hearsay statements that are in evidence."); *U.S. v. Mahaffy,* No. 05-CR-613, 2007 WL 1094153, at *2 (E.D.N.Y. Apr. 10,

2007) ("A court may ... exclude any portion that consists largely of a defendant's 'own self-serving statements, which, as offered by him, are inadmissible hearsay' ") (quoting *Jackson,* 180 F.3d at 73).

Here, defendant objects specifically to limitations on his cross-examination of government witnesses as to his exculpatory statements made in other meetings, beyond the three proffer sessions identified by the government. Indeed, the government does not seek to preclude defendant from cross-examining witnesses with their notes from the proffer sessions about which they testify. Rather, it seeks to preclude the defense from cross-examining the witnesses with notes from meetings about which the witnesses will *not* testify, including, for instance, meetings held on October 11 and December 15, 2006, and July 30, 2008. There is no danger that exclusion of testimony regarding exculpatory statements made outside of the proffer sessions at issue will distort the jury's understanding of the evidence presented by the government with respect to statements made *during* those sessions. Thus, the motion *in limine* sought by the government does not run afoul of Rule 106. Defendant may not rely on the rule of completeness to put his out-of-court exculpatory statements before the jury through the testimony of another witness.

## CONCLUSION

For the reasons set forth above, the government's motion is granted in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
      June 16, 2009

                                                          /s/
                                           DORA L. IRIZARRY
                                      United States District Judge