UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
UNITED STATES OF AMERICA,                       :
                                                :
                                                :           **SUMMARY ORDER**
              -against-                         :           07 -CR- 425 (S-3) (DLI)
                                                :
O'NEAL ROBERTS,                                 :
                                                :
                      Defendant.                :
---------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Defendant requests a jury determination on the criminal forfeiture money judgment sought by the government pursuant to 21 U.S.C. § 853 in connection with the narcotics trafficking and conspiracy charges against him.[1] For the reasons set forth in detail below, the court finds that with respect to forfeitures, a jury may decide only whether there is a nexus between the specific property at issue and the charged offense. Since the government does not seek specific property in connection with the charged offense, Defendant's request for a jury determination of the forfeiture money judgment is denied.

## BACKGROUND

Defendant, an American Airlines employee at John F. Kennedy Airport, was arrested on October 11, 2006, as a result of a seizure of cocaine and a wiretap investigation by Immigration and Customs Enforcement agents. The indictment charges defendant with cocaine importation, cocaine importation conspiracy, cocaine distribution conspiracy, and attempt to distribute cocaine. A jury trial on these charges commenced on June 22, 2009.

---

[1] The government is no longer seeking forfeiture in connection with Counts Five and Six in the third superseding indictment, which charge Defendant with money laundering conspiracy and money laundering, respectively. Indeed, the issue became moot upon the court's granting on June 24, 2009, of Defendant's Rule 29 motion for dismissal of those counts.

1

This opinion assumes familiarity with the procedural history of this case and the evidence presented by the government at trial.

With respect to the issue currently before the court—that is, whether a forfeiture money judgment determination ought to be made the jury or the court—the government has indicated that it takes no position, but notes that district courts have differed on the issue. Defendant submits that it is appropriate for the jury to decide forfeiture issues under Rule 32.2 of the Federal Rules of Criminal Procedure.

## DISCUSSION

The forfeiture judgment sought by the government is governed by 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure. Under Section 853, if a defendant is found guilty of any narcotics offense, the government may seize the property he derived from or used in the commission of that offense. 21 U.S.C. § 853(a)(1). Congress also authorized the government to seize "any other property of the defendant," if by his act or omission the illicit property:

> (1) cannot be located upon the exercise of due diligence;
> (2) has been transferred or sold to, or deposited with, a third party;
> (3) has been placed beyond the jurisdiction of the court;
> (4) has been substantially diminished in value; or
> (5) has been commingled with other property which cannot be divided without difficulty.

21 U.S.C. § 853(p). "Property" includes money, real property, rights, interests, privileges, claims, securities, or tangible or intangible personal property. *See* 21 U.S.C. § 853(b). The statute thus provides for seizure of specific property derived from or used in connection with a narcotics offense, as well as, *inter alia*, forfeiture money judgments.

The United States Supreme Court has made it clear that criminal forfeiture under Section 853 is punitive, and that, as with sentencing, there is no constitutional right to a jury verdict on

forfeiture. *See Libretti v. United States*, 516 U.S. 29, 41, 49 (1995) ("[C]riminal forfeiture is an element of the sentence imposed for a violation of certain drug and racketeering laws."); *see also Pacheco v. Serendensky*, 393 F.3d 348, 355 (2d Cir. 2004) ("The purposes of the criminal forfeiture statute [21 U.S.C. § 853] are to punish, deter, and disempower criminals.") Section 853 was designed to enable the government to divest drug offenders of any proceeds derived from their wrongdoing, regardless of whether they tried to conceal their illicit assets before conviction. *See Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 641 (1989); *see also United States v. Ben-Hur*, 20 F.3d 313, 319 (7th Cir. 1994) ("[T]he purpose behind criminal forfeiture under [S]ection 853 is not just to sanction illegal conduct, but also to strip drug dealers of their economic power.") (citations omitted). Forfeiture judgments involving purported income from drug activity or other illicit proceeds that the government cannot locate give the government leeway while staying true to the statutory purpose of forfeiture: stripping drug dealers of their economic power even if they have hidden the proceeds of their crimes prior to conviction. *See* 21 U.S.C. § 853(p); *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 641 (1989).

Like Section 853 and *Libretti*, Rule 32.2 treats forfeiture akin to sentencing, circumscribing the jury's involvement in related determinations. "[T]he only issue for the jury in such cases would be whether the government has established the requisite nexus between the property [to be forfeited] and the offense." Fed. R. Crim. P. 32.2(b)(4) Advisory Committee's Note. Rule 32.2 provides:

> As soon as practicable after a verdict of guilty . . . the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

Fed. R. Crim. P. 32.2(b)(1). The rule further provides that "[u]pon a party's request . . . the jury *must* determine whether the government has established the requisite nexus between the property and the offense committed by the defendant." *Id.* at (b)(4) (emphasis added). In sum, Rule 32.2(b)(4) expressly limits the role of the jury to an assessment of whether there is a nexus between a specific property and the crime. Fed. R. Crim. P. 32.2(b)(4).

The only determination that must be made when the government seeks a money judgment is the amount that the defendant will be ordered to pay. "[I]f the government does not seek specific property, but rather a personal money judgment, the court itself determines the amount of money that the defendant will be ordered to pay." *United States v. Galestro*, 2008 WL 2783360, *11 (E.D.N.Y. July 15, 2008) (citing Fed. R. Crim. P. 32.2(b)(1)). "The defendant is not entitled to have the jury decide the amount of the forfeiture." *Id.* (citing *United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005)).

Here, since the government is seeking a criminal forfeiture money judgment, there is no nexus determination to be made by the jury, and, therefore, defendant's request for a jury verdict on forfeiture is denied.

## CONCLUSION

For the reasons set forth above, defendant's request is denied.

SO ORDERED

DATED:     Brooklyn, New York
              June 30, 2009

                                              _____/s/_____
                                                    DORA L. IRIZARRY
                                                 United States District Judge